| | | |
|---|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | | DATE FILED: December 11, 2015 3:24 PM<br>FILING ID: F79798476F8D7<br>CASE NUMBER: 2015CV34381 |
| Plaintiff: **DESIREE JOHNSON,**<br><br>v.<br><br>Defendants: **LIFE INSURANCE COMPANY OF NORTH AMERICA,** d.b.a. and referred to as "CIGNA," and d.b.a. CIGNA Group Insurance, and **GEICO CORPORATION CONSOLIDATED WELFARE BENEFITS PROGRAM,** also known as the GEICO Corporation Long-Term Disability Plan, and a.k.a. the "Plan." | | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff:<br>Dennis P. Walker, Atty. Reg. No. 7658<br>Boesen Law, LLC<br>4100 East Mississippi Avenue, 19th Floor<br>Denver, Colorado 80246<br>Phone: (303) 999-9999   Fax: not designated<br>E-mail:dwalker@boesenlaw.com | | Case Number:<br><br>Division:<br>Courtroom: |
| **COMPLAINT** | | |

Plaintiff, Desiree Johnson, for her Complaint against Defendants, "CIGNA" and the "Plan," states and alleges:

1.  Desiree Johnson is an individual resident of the state of Colorado. At all times material to the allegations of this action, she has been a Colorado resident.

2.  Desiree Johnson was an active, full-time employee of GEICO Corporation ("GEICO"). Desiree Johnson worked in Colorado and other areas for GEICO as a field supervisor, as a performance review analyst and auditor, and as a field manager. She worked in automobile property damage claims and in an audit team for property damage matters. Desiree Johnson worked on a full-time basis for GEICO before the disability that is the subject of this civil action. Her most relevant employment with GEICO was as a supervisor and regional manager dealing with the subject area of property damage claims.

3.  As the employer of Desiree Johnson, GEICO was the plan sponsor and policyholder for the Plan and group policy of insurance providing for long-term disability (LTD) benefits for employees of GEICO.

**EXHIBIT A**

4. GEICO established the GEICO Corporation Long-Term Disability Plan (the "Plan") by arranging for insurance coverage protection for the possibility of disability for employees of GEICO, including Desiree Johnson. Desiree Johnson was and is a participant in the GEICO Plan.

5. As Plan sponsor and employer, GEICO arranged for and established through defendant Life Insurance Company of North America, doing business or referred to as "CIGNA," group LTD insurance coverage for GEICO employees, including Desiree Johnson. CIGNA assigned to the plan coverage policy No. FLK 980028 (sometimes referred to as the "policy").

6. The Plan was insured based upon that group policy of LTD coverage established through a contract entered into between GEICO as policyholder and Life Insurance Company of North America (referred to in this Complaint as "CIGNA") as insurer.

7. CIGNA, also known or doing business as CIGNA Group Insurance, is an insurance company who has done business and continues to do business in Colorado.

8. CIGNA has acted and provided coverage in Colorado for employees of GEICO, including Plaintiff Desiree Johnson. CIGNA has been responsible for determining claims under the Plan through the subject LTD insurance policy. CIGNA has administered the Plan and has served as plan insurer, Claims Administrator, a Plan fiduciary, and a *de facto* Plan administrator.

9. Defendant CIGNA is subject to the personal jurisdiction of the court. CIGNA has engaged in business in Colorado through the provision of insurance under which Plaintiff has been covered, through the administration of employee benefits under the group LTD policy, and through its administration of LTD benefits for Plaintiff.

10. Defendant CIGNA covered Desiree Johnson for LTD benefits. Plaintiff paid premiums to CIGNA to "buy up" the level of LTD benefits. The existence of the insurance and the coverage are not in dispute.

11. Desiree Johnson is and has been, at all material times, a Plan participant and an insured under the Plan and under the LTD policy issued by CIGNA. Her status as an insured and Plan participant is not in dispute.

12. The Plan and LTD policy were established and operated, and they may be considered, as an employee benefit plan. As such, the Plan and the coverage for LTD benefits under the policy are considered governed by ERISA, 29 U.S.C. §1001, *et seq.* Monetary relief is sought and is due from CIGNA. CIGNA and the Plan are subject to Desiree Johnson's claims for relief for all purposes stated herein. Relief is sought and should be considered due from Defendant CIGNA under 29 U.S.C. §1132 and based upon the policy contract of group disability insurance. The GEICO Corporation Consolidated Welfare Benefits Program (referred to in this Complaint as the "Plan"), which includes welfare benefits referred to as and under the GEICO Corporation

Long-Term Disability Plan, is an entity under ERISA that is subject to suit and named as a party in this action. The Plan is appropriately subject to the claims in this action and the relief granted by the Court.

13. The Plan is subject to the Court's personal jurisdiction.

14. This Court has subject matter jurisdiction over this action.

15. Venue is proper in this Court. Defendant CIGNA is subject to service of process in the City and County of Denver, State of Colorado. The Plan acted in Colorado through CIGNA.

16. This action involves Plaintiff's claim for relief for a principal sum that is greater than $100,000. C.R.C.P. 16.1 does not apply to this action.

## FIRST CLAIM FOR RELIEF
### (LTD Benefits Due by Contract and under ERISA)

17. The foregoing allegations are incorporated.

18. While a participant in the Plan and covered and eligible for LTD benefits under the subject LTD policy, Desiree Johnson became disabled within the meaning of the policy, a contract of group LTD insurance coverage.

19. During the first two years that LTD benefits were payable, she was unable to perform the material duties of her regular occupation.

20. During that time and thereafter she was and has been unable to perform the material duties of any occupation for which she was or reasonably may become qualified based on her education, training or experience and from which she would earn at least 80% of her prior earnings as indexed for inflation.

21. Desiree Johnson should be considered "Disabled" as defined in the policy.

22. In late 2010 and following Desiree Johnson pursued appropriate medical leave from her employment with GEICO because of her health problems. She duly presented her claim for short-term disability benefits and then LTD benefits to CIGNA as allowed by the policy. CIGNA assigned her LTD benefits claim No. 2363495.

23. Desiree Johnson provided evidence and the available information tended to show CIGNA her qualifying disability during the months of December 2010 and following. Desiree Johnson's disability continued for at least the requisite number of days (180) to satisfy the elimination period under the LTD policy.

24. Desiree Johnson was determined by CIGNA to be covered, eligible and disabled so as to be entitled to LTD benefits. This was announced in a decision made by CIGNA pursuant to the policy and while CIGNA acted as the claims administrator, a Plan fiduciary and as a *de facto* Plan administrator under the policy and Plan.

25. Desiree Johnson has been entitled to be paid LTD benefits under the policy by CIGNA based upon her total disability from and after June 6, 2011.

26. Desiree Johnson's conditions and impairments have satisfied and continue to satisfy the requirements for disability or LTD benefits. She did appropriately present and allow the collection by CIGNA of necessary proof, documentation and continued evidence of her disability, including being under the care of a physician.

27. CIGNA has been and is obligated to pay monthly LTD benefits to Desiree Johnson from June 2011 and continuing through the present and throughout the period of her disability under the policy.

28. Desiree Johnson has been and continues to be disabled due to the presence of complicated health conditions. These conditions have included chronic effects and complications of her conditions, vulnerabilities, and susceptibilities. Without limitation, her debilitating illnesses have included and continue to include trigeminal neuralgia, occipital neuralgia, and peripheral neuralgia and neuropathy. She has been experiencing severe and stabbing facial pain and neck pain that have been chronic. She has been diagnosed with chronic pain syndrome. She has had and has chronic migraine symptoms with cluster headaches; a type of temporomandibular joint dysfunction and pain; vision problems; facial swelling; eye-lid drooping; pain in the left eye and behind both eyes; left-arm numbness; bilateral hand cramping and clutching; cervical disc degeneration, radiculopathy and dystonia; and side effects from necessary medicine and pain relief injections. She has suffered from the worsening of debilitating pain and sensitivity, with related and concurrent weakness, lack of stamina, dysfunction, sleep disturbance, incapacitating fatigue, lack of restorative rest, and cognitive deficits. Her cognitive deficits have involved recurrent diminished capacity and lowered functioning of needed attention, concentration, short-term memory and energy.

29. The subject LTD policy provides for LTD benefits for Desiree Johnson at the rate of 66 2/3 % of her prior basic monthly earnings as an employee of GEICO, as acknowledged by CIGNA.

30. Desiree Johnson's basic monthly earnings and the admitted relevant earnings for the purpose of calculation of LTD benefits, as stated by GEICO and accepted by CIGNA, have been earnings at the rate of at least $80,000 per year and no less than $ 6,500 per month, using the policy definition that requires the consideration of her actual, relevant prior earnings.

31. LTD benefits are to be calculated for any payments due to Desiree Johnson at the rate of 66 2/3 % of at least that relevant monthly amount, or at least about $ 4,355 per month. The policy refers to that as the gross monthly LTD benefit.

32. Under the policy, gross monthly LTD benefits are subject to an applicable offset for Social Security Disability Insurance (SSDI) benefits awarded, payable to, and paid to Desiree Johnson, based upon her initial, monthly SSDI entitlement amount. Desiree Johnson was awarded SSDI benefits by the Social Security Administration for her actual total disability starting in December 2010. The initial, entitlement SSDI amount was about $ 2,052 per month. It was later paid retroactive to an effective start in the month of June 2011. That monthly SSDI amount would be reduced for any necessary, reasonable, and allowed SSDI benefits attorney's fees.

33. The LTD policy also allows for a temporary, additional offset for dependent-SSDI benefits, if applicable and while paid, due to Desiree Johnson's disability. Based upon her total disability, the additional offset for dependent-SSDI benefits was at the rate of $ 513 per month per child for her two minor children, effective with the month of June, 2011. Under the policy that is required to conclude, in part, with her first child's 18th birthday and completion of high school and then conclude, in full, with her younger child's 18th birthday and completion of high school. The dependent-SSDI benefit offset for her older daughter ended with May 2015 and it is not applicable after then. The dependent-SSDI benefit offset for her younger son, who will be 18 years old on September 30, 2016, should end in May 2017 when he is expected to complete high school.

34. Desiree Johnson is entitled to interest on past due LTD benefits at the rate of 8% per annum, applicable for ERISA benefit claims in Colorado using §5-12-102, C.R.S., as amended.

35. An asserted overpayment of LTD benefits resulting from retroactive SSDI benefits should be considered resolved or nearly resolved. CIGNA has been withholding LTD benefits due to Desiree Johnson and applying or should have been applying those payable LTD benefit amounts to the asserted "overpayment."

36. Desiree Johnson's employment with GEICO and her relevant employment history have demonstrated to CIGNA, and they did prove and continue to show, that for any potential employment, in order to be able to sustain relevant, full-time employment, Desiree Johnson would be required to maintain and exert vigorous physical and intellectual capacity. Without limitation, such capacity would involve handling and sustaining regular and persistent demands for intellectual activities and performance, subtle and complex communications, supervision, management, problem solving, accountability, business know-how, physical and intellectual stamina, responsiveness, sharpness, and concentration. Any relevant employment did and would require Desiree Johnson to be able to regularly handle and sustain full-time demands for managerial, supervisory and auditing responsibilities including extended activity such as travel, meetings, multitasking, analysis, investigation, presentations, requisite and useful knowledge about coverage, claims handling, specialized reporting, learning capacity, and training skills.

37. Desiree Johnson satisfied, and the evidence of her conditions, medical history, and vocational circumstances has proven that she has satisfied and continues to satisfy the requirements and conditions precedent under the subject LTD policy. The evidence proves she has satisfied applicable contractual provisions under the policy so as to be entitled to LTD benefits continuously since June, 2011.

38. Following the initial presentation of her LTD benefits claim, CIGNA approved and accepted her disability under the policy, with knowledge of her relevant impairments and the fact that her health problems demonstrated Desiree Johnson's inability to perform the material duties of her regular occupation and *any* occupation relevant to her education, training and experience and earnings requirements of the policy (any "relevant occupation").

39. CIGNA paid Desiree Johnson LTD benefits under the policy for at least the first twenty-four months of her accepted disability, June 6, 2011 through July 31, 2013.

40. In August 2013, CIGNA announced it was going to stop paying her LTD benefits as of July 31, 2013.

41. Desiree Johnson timely and duly appealed that denial and subsequent denials through about May or June of 2015. Over the course of her appeals (as required and allowed by CIGNA under the policy) Desiree Johnson diligently and timely pursued available review.

42. The evidence has demonstrated that her health conditions caused her to be disabled from both her regular occupation and from any relevant occupation as provided in the policy. Through the course of appeals and review required and allowed by CIGNA, Desiree Johnson's LTD benefits claim was denied by CIGNA.

43. CIGNA, acting as plan insurer, claims administrator, a Plan fiduciary and a *de facto* Plan administrator, cut off Desiree Johnson's LTD benefits as of July 31, 2013 and did not pay LTD benefits to her at any time after July 31, 2013 and prior to the commencement of this civil action.

44. Previously and during the course of the appeals and review of the LTD benefits claim, CIGNA received evidence of the decision by the Social Security Administration in which it was determined by the SSA that Desiree Johnson's adverse health conditions totally disabled her as of December 2010 and that she was entitled to SSDI benefits starting in June 2011 for her disability commencing in December 2010. That was the approximate time when she ceased to have the capacity to sustain full-time employment work in her regular occupation as well as in any relevant occupation.

45. In late May, 2015, CIGNA decided and furnished for the first time an indication that CIGNA had determined to affirm its previous decisions. CIGNA denied her appeals. CIGNA announced then, for the first time, that Desiree Johnson had exhausted all administrative levels of

appeal. The time of that decision became the earliest point for which breach of contract and satisfaction of the requirement for proof of loss under the policy could be asserted by Plaintiff in a civil action.

46.     Desiree Johnson had and continues to have the right to submit, and CIGNA was advised that Desiree Johnson would and did submit, continued and updated evidence of her past and ongoing disability under the policy. CIGNA is required to meaningfully consider the evidence. It is and will be part of the full administrative record.

47.     Desiree Johnson fully exhausted contractual and administrative remedies available and requested under the Plan and policy in connection with the review of her LTD benefits claim.

48.     CIGNA breached the insurance contract and its obligations as a Plan fiduciary under the employee benefit Plan by which CIGNA was and is required to pay LTD benefits to Desiree Johnson. CIGNA failed to meaningfully consider evidence on review and failed to facilitate the full and fair review required by ERISA and her right to recover interest and expenses, including reasonable attorney's fees.

49.     The decisions made by CIGNA for itself as a Plan fiduciary and for the Plan, as Claims Administrator and a *de facto* Plan administrator, are not entitled to deference or complete deference. Any deference that might be allowed should be significantly reduced because CIGNA, as Plan insurer and a Plan fiduciary, has acted under inherent and actual conflicts of interest that were in fact influential.

50.     There has not been sufficient evidence to support CIGNA's decisions. Desiree Johnson's symptoms and conditions have not been tolerable so that she might sustain full-time employment in a relevant occupation.

51.     Desiree Johnson is entitled to the payment of all past due LTD benefits along with interest, costs, expenses, and reasonable attorney's fees, pursuant to ERISA, 29 U.S.C. §1132, from CIGNA.

52.     CIGNA has violated its fiduciary duties as Plan fiduciary under ERISA. Those duties are and have been owed by CIGNA to Desiree Johnson. CIGNA has persistently taken an adversarial approach to Desiree Johnson's right to disability benefits. That adversarial approach has been contrary to the obligations of CIGNA.

53.     The subject LTD policy does not contain a provision, and also it cannot be established, that a supposed limitation or restriction might apply to call for disregarding or minimizing symptoms that would be, in part, considered "self-reported."

54.     CIGNA's failure or refusal to approve and pay LTD benefits due to Desiree Johnson has constituted unsupported, arbitrary, capricious, wrongful, and bad faith action by CIGNA.

55.     CIGNA has not acted with or properly exercised discretion in the interpretation of ERISA Plan documents or in the applicability of the LTD policy for the benefits claim of Desiree Johnson for the payment of LTD benefits.

56.     CIGNA has compounded its conflict of interest and breach of fiduciary duty by its continued refusal and failure to pay LTD benefits to Desiree Johnson, with knowledge of the expected harm to Plaintiff by CIGNA's violations of its duty to act solely in the interest of Desiree Johnson as a Plan participant.

57.     CIGNA has known or has reasonably had access to information from which it should have known that the unreasonable failure or refusal by CIGNA to pay LTD benefits to Desiree Johnson would cause and has caused her personal, emotional, and financial suffering, and has forced her to engage counsel to provide significant legal services to obtain the LTD benefits that have been due to her.

58.     Plaintiff is entitled to *de novo* review.

WHEREFORE, plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
### (LTD benefits due, CIGNA's decisions, additional evidence, and *de novo* review with an augmented record)

59.     The foregoing allegations are incorporated by reference.

60.     During the administration and consideration by CIGNA of the LTD benefits claim, CIGNA had evidence and access to available information, and Desiree Johnson presented and made available additional evidence and argument establishing her disability under the Plan and policy. This has included evidence:

    a.     supporting her functional impairments due to complicated and multiple problems, including trigeminal neuralgia, occipital neuralgia, peripheral neuralgia, neck pain, pain disorder, hypersensitivity, fatigue, lack of restorative rest, and cognitive deficits;

    b.     demonstrating that a supposed absence of laboratory or test findings would not be a useful indicator about whether her conditions occurred and caused her functional impairments;

    c.     showing CIGNA, through available clinical reports, that she continued to be disabled due to her multiple conditions, and that she has suffered a worsening of her

impairments, not an improvement or restoration as apparently presumed by CIGNA at the point of the 24-month change in definition of disability under the policy;

  d. showing the significant role of pain, fatigue, lack of rest, and cognitive deficits in her functional impairments, which CIGNA has minimized; and

  e. showing that CIGNA had not cited and there was no evidence to demonstrate that Desiree Johnson possessed the functional capacity to sustain full-time employment in a relevant occupation.

 61. CIGNA, in its decision-making, has, as a matter of fact and part of its typical business practices:

  a. ignored medical and vocational evidence, including the undisputed and verified evidence of the relevant work experience, daily living activities, and continued health impairments of Desiree Johnson, and CIGNA failed to meaningfully count known symptoms of debilitating pain;

  b. "cherry-picked" evidence to arrive at a denial of further benefits;

  c. turned a "blind eye" to evidence to support a predetermination to decline further benefits;

  d. adopted an inappropriate adversarial role contrary to its duties under ERISA, the Plan, and the policy;

  e. failed to avail itself of reasonable opportunities to conduct a genuinely reasonable, meaningful and unbiased, independent medical evaluation, and stubbornly relied upon an unqualified and adversarial evaluation;

  f. inaccurately declared that there has been an absence of evidence of when the medical evidence has consistently, and without a reasonably qualified rebuttal, demonstrated Desiree Johnson's functional impairments;

  g. acknowledged the unrebutted evidence of the debilitating and chronic effects of pain, cognitive deficits and fatigue, while CIGNA then arbitrarily neglected to meaningfully consider that evidence;

  h. expressed an arbitrary desire to see better or different evidence, such as from a supposedly "physical" or "objective" perspective, as if the evidence available should be treated as unworthy of belief;

  i. inaccurately described Desiree Johnson's health conditions as not being "physically-based;"

  j. arbitrarily created supposed standards for evidence of disability, when such standards do not appear in the subject policy, such as by casting doubt on what CIGNA chooses to call "self-reported" symptoms as if that should be isolated as an inappropriate basis for supporting her health problems and to justify CIGNA'S disregarding of her impairments;

  k. Denied full and fair review by using tactics such as employing timing and authority issues to manifest an inappropriate adversarial approach, refusing to accept information, delaying furnishing a copy of the claim file, declaring that CIGNA was

refusing to accept Desiree Johnson's appeal, and asserting that her disability submissions were "returned to you;"

l. Committed other procedural irregularities, including failing to promptly provide Desiree Johnson with pertinent documents in CIGNA's possession or control so that Desiree Johnson could use them in meaningful review as promised by CIGNA and causing delay; and

m. Attempted to exploit reported health symptoms and aggravations, including their expected and understandable secondary effects, including those which have foreseeably resulted from disabling problems, loss of employability, loss of career, loss of financial security, and complications of those circumstances for Desiree Johnson, so as to suggest CIGNA would use them as a basis or cause for disputing her disability, and did so with knowledge that such exploitation would defeat the reasonable expectations of Desiree Johnson as the disabled insured and Plan participant or would render the policy obligations of CIGNA illusory, contrary to its duties as a Plan fiduciary under ERISA and contrary to the policy.

62. The facts will demonstrate relevant evidence of CIGNA's practices, intent, motivation, scheme, plan, design, and knowledge, its procedural irregularities, and the influence of its inherent and actual financial conflicts of interest. Such matters should be considered by the Court, including through discovery, and be part of the record for judicial review in this action. Without limitation, CIGNA used and relied upon a non-independent, biased, ill-informed, adversarial, and incomplete evaluation by a doctor who did not fully and fairly consider the symptoms, conditions and impairments of Desiree Johnson and was not reasonably familiar with her complicated illnesses. Plaintiff is entitled to *de novo* review and discovery to augment the administrative record.

63. CIGNA's determinations and decisions in the administrative handling of the LTD benefits claim should be set aside and declared wrongful. Plaintiff is entitled to recover from CIGNA under ERISA, 29 U.S.C. section 1132. Plaintiff is entitled to *de novo* review and for additional evidence to be considered by the court in addition to an available "administrative record" of the LTD benefits claim. At a minimum the record must include the policy, the Plan, summary plan descriptions, the certificates of coverage, the procedural requirements and operating guidelines established by and for CIGNA's handling of claims administration, the evidence of CIGNA's conflicts of interest, the pertinent evidence of CIGNA's history of biased-claims administration and the influence of conflicts, the entire record of the LTD benefits claim for Desiree Johnson, with all healthcare and vocational evidence available and submitted, and pertinent information that is disclosed and discovered to be part of the augmented record.

64. CIGNA is liable to Desiree Johnson for all LTD benefits accrued and unpaid and continuing throughout Desiree Johnson's eligibility under the policy, plus interest, expenses, and reasonable attorney's fees, and for related relief under ERISA.

WHEREFORE, Plaintiff Desiree Johnson prays for judgment in her favor and against Defendant Life Insurance Company of North America, doing business or known as CIGNA, and also doing business or known as CIGNA Group Insurance, and against the Plan, as follows:

A. For *de novo* review, an augmented record, reasonable discovery and judgment against CIGNA that Desiree Johnson is and has been disabled pursuant to the group LTD policy based upon her past and ongoing health conditions, and is entitled to recover the amount of all past due LTD benefits and LTD benefits to continue during the continuance of her disability under the subject LTD policy, and an order declaring that the Plan is subject to all of the findings and judgment in this action;

B. For a monetary judgment against CIGNA for its obligations to pay the amount of all LTD benefits and related other relief;

C. For all other and related her relief as applicable and appropriate under the law;

D. For interest from CIGNA on all past due benefits and other relief at the rate of 8% per annum pursuant to §5-12-102, C.R.S., as amended;

E. For the payment by CIGNA of all costs and expenses of the pursuit of LTD benefits, including the administrative proceedings and this civil action, with the payment of the reasonable value for attorney's fees for all legal services pursued on behalf of Desiree Johnson to recover LTD benefits and related remedies, with attorney's fees awardable under ERISA, 29 U.S.C. §1132(g); and

F. For such other and further relief as is appropriate.

Dated this 11th day of October, 2015.

*Original signed document on file at*
Boesen Law, LLC

s/ *Dennis P. Walker*
Dennis P. Walker
*Attorney for the Plaintiff*

Plaintiff's Address:
Desiree Johnson
305 Granite Court
Windsor, CO 80550