IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00159-WJM-MEH

**DESIREE JOHNSON**

Plaintiff,

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA,** d.b.a. and referred to as "CIGNA," and d.b.a. CIGNA Group Insurance,

Defendant.

**PLAINTIFF'S *REVISED* OBJECTION TO THE MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES BY DEFENDANT CIGNA**

Plaintiff submits her *REVISED* Objection, in part, to the rulings [Doc. no. 42] on her Motion to Compel [Doc. no. 29] under Fed. R. Civ. P. 72 (a). This *REVISED* Objection and the earlier Objection [Doc. no. 44] were and are timely under Fed. R. P. Civ. 72 (a) and the Order of 9/26/2016 [Doc no. 49]. The discovery is necessary under ERISA. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 114-15 (2008).

**CERTIFICATE OF CONFERRAL**

Plaintiff's counsel conferred with Jack M. Englert, Jr., attorney for Defendant CIGNA. CIGNA opposes the Objection.

**ISSUES**

The issues are: (1) Whether Plaintiff's discovery is needed and does the benefit outweigh any potential undue burden to Defendant CIGNA? And, (2) Are parts of the rulings clearly erroneous or contrary to law?

**SUMMARY**

First, The Court needs evidence about CIGNA's claims handling practices; facts indicating its bias; dealings with consultants; procedural irregularities; and failure to use the award of SSDI benefits. The discovery rulings [Doc. no. 42] fail to require needed facts and all of CIGNA's policies and procedures (P & P s). CIGNA has offered mostly conclusions rather than facts. The discovery rulings leave out meaningful evidence that should be readily available and that is needed under ERISA.

Second, Plaintiff seeks admissions of pertinent undisputed facts, because they are dispersed throughout the 1100-page "Johnson Rec." or "AR." Clarity about those facts is needed for review. The cases <u>do not</u> say that discovery about the <u>merits</u> will be deemed disproportionate under Fed. R. Civ. P. 26 (b) (1). The Order unfairly limits what CIGNA can reasonably address.

## **STANDARD OF REVIEW UNDER RULE 72 and ERISA**

Under Fed. R. Civ. P. 72 (a), the Court should revise the parts of the discovery rulings that are "clearly erroneous or [are] contrary to law." The erroneously denied discovery will impact judicial review. Ultimately, for the merits under ERISA, *de novo* review should apply here.[1]

Under arbitrary and capricious review, the Court must determine how *deference* will be reduced. Under *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. 105, 114 – 15 (2008), the Court <u>must</u> <u>determine</u> facts to decide the level of any *deference*. To date, CIGNA has provided so few facts that judicial review will be hampered.

For the consideration of *de novo* review, under Section 10-3-1116 (2), C.R.S., the reservation of "discretion" by CIGNA in the group LTD policy was rendered <u>void</u>. Therefore,

---

[1] The Court has not yet decided the standard of review. Plaintiff discovered that she must revise her explanation and show that *de novo* applies.

**judicial "review" of CIGNA's cut off of LTD benefits must be *de novo*.** This is due to the resulting absence of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109, 115, 109 S. Ct. 948 (1989). That Colorado insurance law is saved from "preemption" under ERISA's "savings clause." 29 USC Section 1144 (b) (2) (A). *Arapahoe Surgery Center, LLC v. Cigna Healthcare, Inc.*, 2016 U.S. Dist. LEXIS 36103, [21]-[24] (D. Colo., March 21, 2016) (because of that statute, "…insured Colorado plans are in the *de novo* category…").

Also, even if the original policy was issued before the passage of that Colorado insurance law in 2008, the LTD coverage here became effective for the beginning of Desiree Johnson's disability only after her payment of added premiums to CIGNA following 2008 and only when she first went off work in December 2010. The LTD policy applies, if at all, to her disability starting at the end of December 2010 and continuing as of early June 2011 (following the 180-day waiting period) when the policy then went in to effect for the purpose of LTD benefits. They were only payable beginning then. Thus, the application of the 2008 Colorado insurance law is appropriate. But, see *Mustain-Wood v. Northwestern Mut. Life Ins.* Co., 938 F. Supp. 2d 1081, 1085 (D. Colo. 2013) (holding that Section 10-3 -1116, C.R.S., as adopted in 2008 did not apply retroactively to a policy effective in 1995).

Also, see *Kaferly v. Metro. Life Ins. Co.*, 2016 U.S. Dist. LEXIS 79522, [13]-[24] (D. Colo., May 31, 2016) (a similar Illinois law was used to reject a discretionary clause and, as a result, *de novo* review applied under ERISA); *Borich v. LINA*, No. 12 C 734, 2013 U.S. Dist. LEXIS 59674 (N. D. Ill. April 25, 2013); and *Kentucky Assn. of Health Plans, Inc. v. Miller*, 538 U.S. 329, 338-39, 341-42 (2003).

This is not a settled question. *Arapahoe Surgery Center, supra*, [22] ("The Tenth Circuit has not reached the preemption question with respect to Section 10-3-1116 (2), but other judges

in this district have thoroughly discussed the issue."). See *Shafer v. Metro. Life Ins. Co*., 80 F. Supp. 3d 1244, 1257 (D. Colo., 2/19/2015). *De novo* review does not conflict with ERISA's remedial scheme. 80 F. Supp. 3d, 1255. And, *Shafer* was limited to life insurance "benefits" as addressed in Section 10-3-1116 (3), but did not address a disability "policy," which is applicable here and is affected by separate Section 10-3-1116 (2), C.R.S.

 Unlike in *Shafer*, here Desiree Johnson resorts to Section 10-3-1116 (2), C.R.S. See, i*d*., 1255 at fn. 3. And, see also, *Flowers v. LINA*, 781 F. Supp. 2d 1127, 1132 (D. Colo. March 15, 2011): *McClenahan v. Metro. Life Ins. Co*., 621 F. Supp. 2d 1135, 1141 (D. Colo. 2009); *Kohut v. Hartford Life and Acc. Ins. Co*., 710 F. Supp. 2d 1139 (D. Colo. 2008); and *West v. Aetna Health & life Ins. Co*., 2016 U.S. Dist. LEXIS 15646, [6] and [7] (D. Colo., Feb. 9, 2016).

## SPECIFIC DEATAILS OF THE ERROR IN THE DISCOVERY RULINGS

The Magistrate Judge's discovery rulings are clearly erroneous and contrary to law for the denials, which are shown as follows. These discovery facts are reasonably needed under ERISA:

| INTERROGATORIES: | Subject matter– the facts requested | Rulings on the Motion to Compel | The discovery that is still needed under ERISA |
|---|---|---|---|
| No. 1 | CIGNA's reasons for paying LTD benefits | Denied, because this might lead to additions to the AR. | The facts span over 1100 pages, so clear admissions are needed. |
| No. 2 | Desiree Johnson's Occupation: what CIGNA understood & used | Denied. Plaintiff could cite the AR. | The facts are spread out and should be made clear. |

| No. 3 | CIGNA's use of consultants | Granted, in part, for qualifications, etc. | Details of interactions and ten years' worth of compensation are also still needed. |
| No. 4 | CIGNA's claims procedures | Denied. Only 48 of the 240 available "P & Ps" were disclosed. | The Court needs all P & Ps; or at least #s 15, 16, 25, 36, 37, 38, 50, 51, 52, 57, and 71. |
| No. 5 | CIGNA's history of claims administration | Granted, but only for prior "findings" of bias. | Clarity is needed; and CIGNA can unfairly restrict its response to what already may be listed somewhere. |
| No. 5 | CIGNA's compensation of doctors and others | Granted, in part, but too limited. | Clarity is needed and not just "corporate" awareness. |
| No. 6 | CIGNA's conflicts of interest and bias | Granted, but only for possible pre-existing lists of "findings" | Clarity is needed, with all facts about abuses of discretion |
| No. 8 | Facts supporting denials and non-admissions of RFAs | Not really addressed in the Order | These facts are needed. |

### **REQUEST FOR PRODUCTION OF DOCUMENTS:**

| No. 1 | Documents given to consultants | Denied, except as to Inter. Nos. 1 and 5 | These facts are easy to furnish and will be helpful. |
| No. 4 | Compensation of consultants for 10 years | Denied. | Facts for <u>ten</u> years will be helpful. |

### **REQUEST FOR ADMISSIONS (RFAs):**

| No. 1 | Occupation used by CIGNA to pay benefits | Denied, except as ordered above. | No facts were given, yet this is undisputed and needed on review. |
| No. 2 | CIGNA's awareness of Desiree Johnson's health | Denied, and ruled as "compound." | Same; and the matters could readily be split apart. |

| No. 3 | CIGNA's awareness of money conflicts | Granted, in part, with CIGNA to explain. | CIGNA's mere "conclusions," as with its Resp. to Inter. No. 6, are insufficient. |
|---|---|---|---|
| No. 4 | Delay in furnishing the claim file | Granted; CIGNA to state when the file was given. | Explanation of the delay is also needed. |
| No. 5 | CIGNA used Desiree Johnson's health impairments to pay benefits. | Denied, ruled as "argumentative" and compound. | No needed facts were given, and this matter could be readily split apart. |
| No. 6 | CIGNA had No evidence of health improvement. | Denied, ruled not to be of potential "benefit." | Same |
| No. 7 | CIGNA was aware of the SSDI award. | Granted; CIGNA to state when it became aware. | Explanations needed. |
| No. 8 | Desiree Johnson had no capacity for "any" occupation. | Denied as not "susceptible" to admission. | No facts were given; and this matter could be readily split apart. |
| No. 9 | The claimed disability was from "any" occupation. | Granted, in part, with CIGNA to say what was claimed. | These facts are easy to state and clearly relevant. |
| No. 10 | CIGNA was aware of her job duties. | Denied as "argumentative." | No facts were given and these facts are needed for clarity. |
| No. 11 | CIGNA was aware of the job demands. | Denied. | Same: No facts given. |
| No. 12 | Relevance of "pain" for work capacity | Denied. | Same: No facts given. |

**RFA No. 13: CIGNA to admit basic Undisputed Facts in subparagraphs –**

| 1) | Plaintiff was employed with GEICO. | Denied; Plaintiff can cite the AR. | Same: No facts given. |
|---|---|---|---|
| 2) | Plaintiff worked full time till 12/2010. | Denied, ruled ambiguous about "leave." | Same: No facts given. |
| 3) | Plaintiff did not return to work. | Granted. | |
| 4) | SSDI benefits were awarded. | Granted. | |
| 5) | CIGNA paid LTD benefits. | Denied. | Same: No facts given. |

| | | | |
|---|---|---|---|
| 6) | Plaintiff earned c. $80,000 per year. | Granted. | |
| 7) | Plaintiff was covered under the policy. | Granted. | |
| 8) | Plaintiff paid premiums for coverage. | Granted. | |
| 9) | Plaintiff asserted she was disabled. | Granted. | |
| 10) | CIGNA considered the health facts. | Denied. | Same: No facts given. |
| 11) | CIGNA paid LTD benefits based on the facts. | Denied. | Same: No facts given. |
| 12) | CIGNA paid benefits. | Granted. | |
| 13) | CIGNA cut off benefits c. 8/21/2013 | Granted. | |
| 14) | Jurisdiction exits. | Admitted by CIGNA. | |
| 15) | ERISA governs here. | Admitted by CIGNA. | |
| 16) | The LTD group policy = the "Plan." | Granted. | |
| 17) | Plaintiff was eligible. | Granted. | |
| 18) | Plaintiff asserted her health problems | Denied. | Same: No facts given. |
| 19) | Trigeminal neuralgia, etc., was asserted. | Denied. | Same: Plaintiff left to cite the AR. |
| 20) | CIGNA had access to the health facts. | Denied. | Plaintiff left to cite the AR. |
| 21) | Pain was alleged to be disabling. | Denied. | Plaintiff left to cite the AR. |
| 22) | CIGNA asserted benefits were overpaid. | Granted. | |
| 23) | Plaintiff timely appealed. | Granted. | |
| 24) | Exhaustion fulfilled under ERISA. | Admitted by CIGNA. | |

-7-

| 25) | CIGNA denied Desiree Johnson's appeal in May, 2015 | Granted. | |

## AUTHORITIES

Under *Glenn*, *supra*, and *Murphy v. DeLoitte & Touche Group Insurance Plan*, 619 F. 3d 1151, 1158-59 (10th Cir. 2010), Plaintiff needs the denied discovery. It is relevant evidence. Fed. R. Civ. P. 26(b) (1). CIGNA has so far given mostly self-serving conclusions (e.g., "absolutely" no influence). And, a significant problem lingers because the rulings allow CIGNA to merely cite some potential list of judicial and administrative "findings" of bias and influence of conflicts. That will not suffice, because CIGNA can fully respond.

The requested discovery serves expedition, fairness, and inexpensiveness. *Murphy* declared that <u>discovery is appropriate to</u> <u>prove</u> <u>the seriousness of conflicts</u>. *Id*., 1158. As noted in *Murphy*, there needs to be a way to tell whether employees and consultants were mindful of their roles in cutting off benefits and of using words that a court might find adequate to affirm a denial under "arbitrary and capricious" review. *Id*., 1161. This is important for illnesses having subjective symptoms, such as trigeminal neuralgia (TN) and chronic pain, which do disable Desiree Johnson. *Murphy*, 1155, 1161.

Plaintiff's discovery is proportionate to the needs of this case. *Rickaby v. Hartford*, 2016 U.S. District LEXIS 53485 (D. Colo., April, 2016). Details of payments to consultants for the last 10 years are needed, but CIGNA has only been ordered to share 3 years' worth. *Rickaby* observed that evidence of a conflict may be shown, *inter alia*, through "proof of a pattern of unreasonably denying meritorious claims." *Id*., [4], citing *Glenn*, 554 U.S. at 123 (Roberts, J., concurring). The rulings must be clarified to allow the showing of a "pattern."

Unlike in *Liebel v. Aetna*, 590 Fed App. 755 (10th Cir, Dec. 3, 2014), the AR here shows that CIGNA ignored the importance of <u>pain</u> in causing Desiree Johnson's disability. *Scott v. General Mills*, 2011 U.S. Dist. LEXIS 154569 (D. N.M., Jan. 14, 2011), observed that limited discovery <u>may be appropriate</u>. *Id*., [7], citing *Murphy*, at 1162. As here, *Scott*, at [10 and 11], found that a lengthy record [there 337 pages, while here there are 1,100 pages] failed to show consultants' qualifications, affiliations and relationships with the insurer. The limited discovery "should not be unduly burdensome or costly." *Id*., at [13]. CIGNA "should have fairly easy access to information relating to whether it has a conflict of interest and to its relationship with its retained experts." *Id*. The Order here calls for the consultants' qualifications, if available; but, their full interactions with CIGNA can helpfully be detailed.

In May 2013, CIGNA entered into a multi-state, Regulatory Settlement Agreement (RSA) after examinations of CIGNA's claims handling practices for LTD benefits claims. (Doc. No. 29-11, the RSA as signed by CIGNA) The issues there included committing procedural irregularities and not carefully considering SSDI benefits. There, CIGNA promised that its doctors would serve in a "neutral manner," but, in that same RSA, CIGNA adopted a form requiring its consultants to declare that they will act *on behalf* of LINA. And, the RSA shows CIGNA's capacity to describe its history of bias.

In numerous instances, CIGNA's decisions have been held to be "arbitrary and capricious" or the result of its bias. *Rochow v. Life Insurance Company of North America,* 780 F. 3d 364, (6th Cir. 2015) (*en banc*);  *MacNally v. Life Insurance Company of North America*, 2009 U.S. Dist. LEXIS 44423 (D. Minn. May 26, 2009); *Gordon v. Northwest Airlines, Inc. and Life Insurance Company of North America*, 2009 U.S. Dist. LEXIS 22212 (D. Minn. March 18, 2009); *Alfano v. Cigna Life Insurance Company of NY.*, 2009 U.S. Dist. LEXIS 7688 (S.D. NY);

*Raybourne v. Cigna*, 700 F.3d 1076 (7th Cir. 2012), and *Juszynski v. LINA*, 2008 U.S. Dist., LEXIS 24928 (N.D. Ill. 2008); *Rao v. LINA*, 100 F. Supp. 3d. 210, 216, 221 (N. D. N. C., 2015); *Barbu v. Lina*, 35 F. Supp. 3d. 274, 278 (E. D. N. Y., 2014); *Fourney v. Life Insurance Company of North America* (LINA), 2010 U.S. Dist. LEXIS 121317, 2010 WL 472-2035, p. 14 (S. D. W.Va., November 15, 2010); *Brandt v. ALLINA Health Systems LTD Benefits Plan*, 2010 U. S. Dist. Lexis 58967, [8] (D. Minn. 2010) (and here, also see AR 381, the affidavit of Desiree Johnson); *Dupery v. LINA,* 632 F. 3d 860 (4TH Cir. 2011); *Ward v. CIGNA Life Ins. Co. of NY*, 776 F. Supp. 2d 155 (W.D. NC. 2011); *Theis v. LINA*, 2011 WL 3624673 (W.D. Ky., August 17, 2011); *Demaree v. LINA*, 789 F. Supp. 2d 1002 (S.D. Ind. 2011); *Salomaa v. Honda LTD Plan*. 642 F. 3d 666 (9th Cir. 2011); *Cox v. CIGNA Group Insurance*, 2010 U.S. Dist. LEXIS 17164 (E.D. Ky., February 24, 2010); *Hatfield v. LINA*, 2015 U.S. Dist. LEXIS 131022, [6] (E.D. Ky., September 29, 2015). Thus, the requested discovery is likely to be productive here.

*Owens v. Liberty Life Assurance*, 2016 U.S. Dist. LEXIS 51350, [8], [14] –[26], [43](W.D. KY., January 19, 2016 addresses much of the discovery facts involved here and allowed what has been sought by Plaintiff. *Glenn* also addressed whether *procedural irregularities* have been committed, yet the rulings unduly restrict this needed evidence.

Plaintiff's has the right to "merits" discovery, because disability benefit determinations depend up on the merits, including what is within the record. Here, the amount at stake is over $500,000, because LTD benefits aggregate more than $440,000.00 and significant expenses are awardable under ERISA, 29 USC Section 1132 (g)).

### CIGNA'S DISCOVERY RESPONSES & THE RULINGS AVOID THE DISCOVERY OF USEFUL EVIDENCE THAT IS NEEDED BY THE COURT.

The denied discovery should be ordered, considering proportionality and the goals of promptness and minimizing expenses under ERISA. *Murphy*, 619 F. 3d. 1163. *Scott v. General*

-10-

*Mills*, 2011 U.S. Dist. LEXIS 154569 (D. NM., Jan. 14, 2011) which relies on *Murphy,* at 1162, observed that the type of discovery sought here should <u>not</u> be unduly burdensome. CIGNA should have "fairly easy access to information relating to whether it has a conflict of interest and to its relationship with its retained experts." *Scott,* at [13].

CIGNA's responses provide a good deal of *conclusory assumptions.* CIGNA argues that its consultants were "independent" (Doc. no. 29-3, pp. 6-11). CIGNA argues that its reviews somehow show "neutrality." CIGNA fails to explain how its repeated use of consultants would have occurred if they were "independent" and randomly selected. CIGNA (Doc. no. 29-3 at p. 9) argues there was "absolutely" no influence, but CIGNA has not explained how CIGNA repeatedly picked those consultants or created its desired focus for their consulting reports.

CIGNA fails to explain its consultants' qualifications and how CIGNA has used them, which are pertinent. Their assignments and relationships over the time (10 years) have been requested but denied by the rulings.

CIGNA ignored and the rulings fail to address how Dr. Lewis and Dr. Hoenig, in their reports in May 2015, obviously <u>did not act "independently</u>." CIGNA relied on unwarranted conclusions by them given their evident reliance, in turn, on the manifestly biased comments of Dr. Thurston. (Johnson Rec. 359-60; and 369)

The rulings will erroneously allow CIGNA to bypass disclosing needed facts about its numerous abuses of discretion and the data CIGNA has undoubtedly collected for many insurance regulators' exams of CIGNA's unfair practices.

<u>**USEFUL FACTS CONFUSINGLY SPREAD OUT OVER THE 1100-PAGE ADMINISTRATIVE RECORD SHOULD BE ADMITTED BY CIGNA.**</u>

The rulings fail to recognize that establishing pertinent facts that are spread out over the 1110-page AR - by admission and interrogatory responses - **will serve judicial economy**, as

noted by Magistrate Judge Michael Hegarty. This is vital because the AR does not lend itself to simple citations of necessary evidence.

The Order also unreasonably denied Plaintiff's simple request to easily "split apart" admission matters so they would not be viewed as having "too many moving parts" (words used by Magistrate Judge Michael Hegarty on 8/30/2016). The rulings deprive the Court of facts needed. The rulings also conflict with Fed. R. Civ. P. 36, because the requested admissions of conclusions of fact and law are proper. CIGNA's obligation and opportunity to "fairly meet the substance" of stated facts in its responses overshadow any supposed problem with statements of fact being supposedly "argumentative" or "compound."

## CIGNA's CLAIMS PRACTICES

All of CIGNA's P & Ps are needed to determine how guidelines were and were not applicable. E.g., the P & Ps "titles" disclosed by CIGNA do not show requirements for Colorado, but they do for California, Michigan, and New York. Erroneously, the rulings do not compel their production. They are relevant because the P & Ps disclosed say that CIGNA requires the actual use of the state's requirements that are the most rigorous. All P & Ps can be easily provided as shown by the belated disclosure of 48 P & Ps (after the Motion to Compel).

Plaintiff asked CIGNA to admit that its decision-makers were aware that cutting off LTD benefits saves CIGNA money. (Doc. no. 29-2, p. 21) CIGNA denied this; but, as noted at the hearing, it is not plausible for CIGNA's decision-makers to be unaware that cutting benefits saves CIGNA money. Yet, the rulings do not adequately reach these important facts.

CIGNA has not provided facts to support CIGNA's claimed "independence" of its consultants. In effect, CIGNA demonstrates its bias, as addressed in *Glenn*. E.g., its bias emerges

from CIGNA's use of Dr. Thurston's report, even after he indicated he was an adversary and he expressed his desire not to believe Desiree Johnson. This violated 29 U.S.C. § 1104 (a).

CIGNA also argued that it should not answer about its practice for handling "complaints" and refused to give P & P # 25 ("Customer Complaints"). After visiting with CIGNA's consultant, Lloyd Thurston, DO, Desiree Johnson reported to CIGNA that "the doctor was not professional." (AR 118, and Desiree Johnson's affidavit, AR 382 – 387) Thus, the Complaint "P & P" is relevant.

The denials of discovery failed to address all of the discovery deficiencies.

## CONCLUSION

The 9th Circuit has observed that a district court *had not employed* enough "skepticism" in light of "record evidence suggesting a history of biased claim administration." *Baldoni v. UNUM Provident*, 318 Fed. Appx. 575 (9th Cir. 2009). A plan insurer's history must be probed for evidence of bias. In effect, *Baldoni* shows that the RSA supports probing the history here. The RSA indicates that CIGNA should be prepared to offer more facts than just a few previous findings from some "repository" of data (as posed by CIGNA's attorney at the hearing).

Because there is a basis to question whether CIGNA's financial interests affected its objectivity in deciding to terminate benefits, the erroneous discovery denials should be reversed. E.g., there is no evidence that CIGNA made any effort to obtain an independent assessment of Desiree Johnson's limitations. See, *Juszynski, supra,* [24] and [25].

Wherefore, Plaintiff objects to the discovery rulings and urges the Court to expand and revise them as detailed above, and to allow Plaintiff's expenses for the discovery Motion and related activities.

Respectfully submitted this 27th day of September, 2016.

-13-

BOESEN LAW, LLC


*s/ Dennis P. Walker*
Dennis P. Walker
*Attorney for Plaintiff, Desiree Johnson*
Boesen Law, LLC
4100 East Mississippi, Ste. 1900
Denver, Colorado  80246
Telephone:     303-999-9999
Facsimile:      303-320-1915
dwalker@boesenlaw.com


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF'S** *REVISED* **OBJECTION TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES BY DEFENDANT CIGNA** was filed and served via the Electronic Court Filing system (ECF) and email on this 27th day of September, 2016, addressed to the following persons:

Jenglert@hollandhart.com
Jack M. Englert, Jr., Esq.
Holland and Hart
6380 S. Fiddlers Green Circle, Ste. 500
Greenwood Village, CO  80111

*s/ Elena Kemp*
Elena Kemp, *Paralegal*


Cc. Ms. Desiree Johnson