**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00159-WJM-MEH

DESIREE JOHNSON,

Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.

---

**LINA'S RESPONSE TO JOHNSON'S REVISED OBJECTION TO THE MAGISTRATE JUDGE'S ORDER**

Pursuant to the Court's order [ECF No. 49] and WJM Revised Practice Standard C.2, defendant Life Insurance Company of North America ("LINA") responds to the revised objection [ECF No. 50] of plaintiff Desiree Johnson ("Johnson") to the Magistrate Judge's rulings [ECF No. 42] on Johnson's motion to compel [ECF No. 29].

**I.    The Magistrate Judge's Rulings on the Motion to Compel Were Neither Clearly Erroneous Nor Contrary to Law.**

Since the Magistrate Judge's rulings on the motion to compel are non-dispositive rulings, the Court "must adopt the Magistrate Judge's ruling unless it finds that the ruling is 'clearly erroneous or contrary to law.'" *Gunn v. Carter*, No. 13-cv-02197-WJM-MEH, 2014 WL 7050471 at *1 (D. Colo. Dec. 12, 2014)(quoting Fed. R. Civ. P. 72(a)). This Court has held that "clearly erroneous standard 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The Court explained that it "will set aside a Magistrate Judge's

order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly." *Id.* The Court has recognized the broad discretion of the Magistrate Judge in deciding non-dispositive disputes, and "'will overrule the Magistrate Judge's determination only if his discretion is abused.'" *Id.* (quoting *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996)).

The Magistrate Judge thoroughly reviewed the parties' dispute over the permissible scope of discovery in this case under the Employee Retirement Income Security Act ("ERISA"). The Magistrate Judge first held a telephonic conference to discuss the parties' positions regarding the discovery dispute, and decided that the briefing of the issues was necessary. ECF No. 27. The parties then fully briefed the issues in dispute relating to the scope of discovery. ECF No. 29 (Johnson's opening brief of 28 pages); ECF 29-1 to -14 (Johnson's 149 pages of exhibits); ECF No. 33 (LINA's 33 page response); ECF No. 33-1 (LINA's 2 page exhibit); ECF No. 36 (Johnson's reply brief of 22 pages). The Magistrate Judge heard oral argument that lasted nearly 3 hours, and issued rulings from the bench granting in part and denying in part the motion to compel. ECF No. 42.

Johnson repeatedly asserts that LINA's discovery responses are deficient. Johnson ignores the fact that the Magistrate Judge very carefully and thoroughly considered Johnson's arguments. The Magistrate Judge rejected the majority of the Johnson's requests in the motion to compel, and, therefore, found that many of LINA's discovery responses were sufficient under Fed. R. Civ. 26 and the precedent governing the limited scope of discovery in an ERISA case. To the extent that the Magistrate

-3-

Judge required supplemental responses, LINA served those supplemental discovery responses on September 29, 2016 in accordance with the Magistrate Judge's order. Based on the Magistrate Judge's detailed review of and rulings on the issues raised in the motion to compel, no further discovery is necessary.

Johnson pays lip service to the standard of Fed. R. Civ. P. 72(a) by asserting that the Magistrate Judge's rulings in the motion to compel adverse to her are "clearly erroneous and contrary to law." ECF No. 50, 4. In other words, Johnson views the Magistrate Judge as having correctly applied the law in the rulings for her, but not in the rulings against her. This does not in any way establish the grounds necessary for this Court to overrule the Magistrate Judge's rulings.

Johnson's extended discussion of the Magistrate Judge's so-called "error" now covers ten pages of the revised objection. ECF No. 50, 4-13. Johnson changed the heading of the first section of her argument from "Error in the Discovery Order" in the original objection to "Specific Details of the Error in the Discovery Rulings" in the revised objection. *Compare* ECF No. 44, 6 *with* ECF No. 50, 4. This change appears to arise out of an attempt to respond to LINA's argument in its original response that Johnson had failed to meet her burden under Fed. R. Civ. P. 72(a). The change in the heading is meaningless window dressing, because the substance of Johnson's text has not changed in any way. Johnson still has not identified any way in which the Magistrate Judge abused his discretion in the rulings on the motion to compel. Johnson's arguments continue to be nothing more than a rehash of the arguments that she presented to the Magistrate Judge in connection with the motion to compel.

The mere fact that the Magistrate Judge ruled against Johnson on some of the many issues in the motion to compel does not rise to the level of an abuse of discretion under Fed. R. Civ. P. 72(a). Johnson does not contend that the Magistrate Judge applied a wrong legal standard. Indeed, Johnson's acceptance of the Magistrate Judge's rulings in her favor on issues of the motion to compel constitutes a tacit admission that the Magistrate Judge was applying the correct legal standard in the review of the motion to compel. Johnson does not contend that the Magistrate Judge failed to provide a thorough review of the issues raised in the motion to compel.

Johnson has not cited any way in which the Magistrate Judge's rulings on the motion to compel were clearly erroneous or contrary to the law. Johnson has not provided the Court with any evidence that would cause it to have the definite and firm conviction that a mistake has been committed. Johnson simply is seeking a proverbial *second bite of the apple* by reasserting the same arguments that the Magistrate Judge already has rejected after a careful review, which is not the purpose of an objection under Fed. R. Civ. P. 72(a). The Magistrate Judge's rulings on Johnson's motion to compel did not constitute an abuse of discretion, and, therefore, the Court should overrule the Johnson's objection.

## II. Johnson's Argument About the ERISA Standard of Review Is Not Relevant to the Consideration of the Objection.

In her opening brief in support of the motion to compel, Johnson did not address the applicable ERISA standard of review. *See generally* ECF No. 29. In its response, LINA noted that omission, but argued that "[b]ased on the cases cited in her motion to compel about the scope of discovery, Johnson has tacitly conceded that the Court will

decide this case under the arbitrary and capricious standard of review." ECF No. 33, 8. In her reply, Johnson acknowledged that the Court would apply the arbitrary and capricious standard of review, but added that the Court must consider LINA's dual role conflict of interest in applying the deferential standard of review. ECF No. 36, 7.

In her original objection to the Magistrate Judge's rulings on the motion to compel, Johnson for the first time argued that the Court should apply the *de novo* standard of review in its decision of the merits. ECF No. 44, 4-6. Johnson characterized this reversal in her position as arising out of her need to "revise and clarify" her position. *Id.*, 4 n. 1. Johnson stated her expectation that the issue of the standard of review "will be addressed in the briefs on the merits," and did not ask the Court to resolve this issue in its ruling on the objection. *Id.*

In her revised objection, Johnson has again changed her position to some degree by removing her statement about the resolution of the issue of the standard of review not occurring until the ruling on the merits. *Compare* ECF No. 44, 4 n. 1 *with* ECF No. 50, 2 n. 1. Based on the discussion of the standard of review in the revised objection, it is unclear whether Johnson now maintains that the Court should rule on the applicable standard of review in its decision on the revised objection. ECF No. 50, 2-4.

LINA disagrees with Johnson's new argument about the applicable ERISA standard of review. The issue of the standard of review is a critical threshold issue in this ERISA case that requires more detailed briefing than is possible in the context of an

objection under Fed. R. Civ. P. 72(a).[1]  However, the Court need not decide the applicable ERISA standard of review in its ruling on the revised objection.  Johnson has not argued that the Magistrate Judge's rulings on the motion to compel are incorrect due to Johnson's new position about the ERISA standard of review.  Johnson has not contended that her new position on the applicable standard of review is relevant in any way to the issues raised in the revised objection to the Magistrate Judge's rulings on the motion to compel.  In the revised objection, as in her briefing of the motion to compel, Johnson continues to cite only arbitrary and capricious standard of review cases in the discussion about the scope of permissible discovery.  ECF No. 50, 8-9.  Johnson's "revis[ion] and clarif[ication]" of her position on the ERISA standard of review is an attempt to assert a new position about the applicable ERISA standard of review in anticipation of the briefing of the merits, but has no relevance to the question of whether the Magistrate Judge abused his discretion in the rulings on the motion to compel.

---

[1] If the Court were to decide that it needs to rule on the standard of review issue as part of its ruling on the revised objection, the Court should allow the parties to brief more fully the issues relating to the ERISA standard of review.  Nevertheless, LINA provides the following brief response to Johnson's arguments about the standard of review in her revised objection.  The Plan and the Group Policy took effect before the enactment of Colo. Rev. Stat. § 10-3-1116, and, therefore, Colo. Rev. Stat. § 10-3-1116 does not apply retroactively to the Plan and the Policy.  *See, e.g.*, *Mustain-Wood v. Northwestern Mut. Life Ins. Co.*, 938 F. Supp.2d 1081, 1085 (D. Colo. 2013); *McClenahan v. Metropolitan Life Ins. Co.*, 621 F. Supp.2d 1135, 1143 (D. Colo. 2009), *aff'd*, 416 F. App'x 693 (10th Cir. 2011)(unpublished).  Colo. Rev. Stat. § 10-3-1116 applies only to policies issued in Colorado, and the Plan provides that to the extent state law applies to it, Maryland law governs the Plan.  *Kaferly v. Metropolitan Life Ins. Co.*, No. 14-cv-3504-WJM-CBS, 2016 WL 3197375 (D. Colo. May 31, 2016), does not support Johnson's position, because in *Kaferly*, the Court applied an Illinois insurance regulation, not Colo. Rev. Stat. § 10-3-1116, in deciding the ERISA standard of review applicable to that case.  *Id.*, *8.

**IV. CONCLUSION.**

Johnson has not met her burden to show that the Magistrate Judge's rulings on the motion to compel were either clearly erroneous or contrary to law. The Magistrate Judge carefully reviewed and ruled on the motion to compel, and very clearly did not abuse his discretion. Johnson's objection verges on being frivolous in failing to make any effort to specify how the Magistrate Judge's rulings were clearly erroneous or contrary to law under Fed. R. Civ. P. 72(a). The Court should deny Johnson's objection.

DATED this 30th day of September, 2016.

        Respectfully submitted,

        *s/Jack M. Englert, Jr.*
        Jack M. Englert, Jr.
        HOLLAND & HART LLP
        6380 South Fiddlers Green Circle, Suite 500
        Greenwood Village, CO 80111
        jenglert@hollandhart.com
        303-290-1087

        **ATTORNEYS FOR LIFE INSURANCE COMPANY OF NORTH AMERICA**

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Dennis P. Walker, Esq.
BOESEN LAW, LLC
4100 East Mississippi Avenue, 19th Floor
Denver, CO 80246
dwalker@boesenlaw.com

*s/ Jack M. Englert, Jr.*
Jack M. Englert, Jr.
HOLLAND & HART LLP
6380 S. Fiddler's Green Circle, Suite 500
Greenwood Village, Colorado 80111
(303) 290-1087

9120177_1