## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 16-cv-00159-WJM-MEH

DESIREE JOHNSON,

      Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

      Defendant.

---

## ORDER ON PENDING MOTIONS

---

Before the Court is Plaintiff's Rule 72(a) Objection ("Objection") (ECF No. 50) to the Magistrate Judge's rulings on certain discovery issues (ECF No. 42). Also before the Court is Plaintiff's Motion to Supplement the Administrative Record Under ERISA ("Motion to Supplement") (ECF No. 54). For the reasons explained below, the Objection is overruled and the Motion to Supplement is denied.

## I. RULE 72(a) OBJECTION (ECF No. 50)

### A. Legal Standard

"Discovery is a nondispositive matter . . . ." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). When reviewing an objection to a magistrate judge's nondispositive ruling, the Court must adopt the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson*, 105 F.3d at 566; *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court

affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).  The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).

**B.    Analysis**

Plaintiff served interrogatories, requests for production, and requests for admission on Defendant, some of which Defendant objected to, leading to a motion to compel from Plaintiff.  (ECF No. 29.)  On August 30, 2016, the Magistrate Judge held a three-hour hearing to resolve the many disputes raised by the motion to compel.  (*See* ECF No. 42.)  Plaintiff now objects apparently to every ruling from the Magistrate Judge that did not go her way.  Plaintiff's objection suffers from at least two fatal flaws.

First, the Magistrate Judge made all of his rulings on the record in open court, yet Plaintiff has not provided the Court with a transcript of the hearing.  Plaintiff instead offers a table with one-sentence summaries of those rulings.  (ECF No. 50 at 4–8.) Many of the summaries are a single word, "Denied," with no explanation.  Others contain a very brief explanation, *e.g.*, "ruled as 'argumentative' and compound."  (*Id*. at 6.)  But in either event, the Court lacks all context, discussion, and—most importantly— the Magistrate Judge's actual words.  The Court cannot properly review any rulings on this record, which Plaintiff has failed to supply.  *Cf. Rios v. Bigler*, 67 F.3d 1543, 1553

(10th Cir. 1995) ("It is not this court's burden to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal.").

Second, as noted above, the standard of review is "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a).  Plaintiff nowhere argues that any specific ruling amounts to clear error, or was made contrary to law.  *See, e.g.*, *Horton v. Doe*, 2011 WL 6217115, at *3 (D. Colo. Dec. 14, 2011) (Rule 72(a) objections must be specific to enable proper review).  Instead, as part of the same table summarizing the Magistrate Judge's rulings, Plaintiff includes a column briefly describing her argument in favor of each discovery request, and these arguments frequently comprise only vague assertions such as "[c]larity is needed" or "[t]hese facts are easy to furnish and will be helpful."  (ECF No. 50 at 5.)  This does not satisfy Plaintiff's obligation to present a specific Rule 72(a) objection.

For these reasons, Plaintiff's Objection will be overruled.

## II.  MOTION TO SUPPLEMENT THE RECORD (ECF No. 54)

### A.    Preliminary Matters

Plaintiff requests that the Court add three categories of documents to the administrative record.  As to two of these categories, the Court can dispose of Plaintiff's request fairly quickly.

The first category of documents is the materials Plaintiff successfully obtained through discovery.  Defendant has no objection to Plaintiff citing or otherwise relying on these materials in her merits briefs, but believes that the materials should not be a part

of the administrative record.  (ECF No. 58 at 9.)  The Court agrees.  Plaintiff may make

these discovery materials part of the *district court* record, but they are not appropriate

for the *administrative* record because they were not before Defendant when it evaluated

her disability claim.

The second category of documents is all of the discovery materials Plaintiff

would have received if the Court had sustained her Objection.  As the Court has

overruled her Objection, there is nothing further to consider as to this category.

The Court now turns to the third category of documents, namely, medical records

generated after Defendant issued its final denial of Plaintiff's disability claim.  Plaintiff

claims that these records are evidence of her "continuing health impairment."  (ECF No.

54 at 3 (emphasis omitted).)

## B.    Legal Standard

With respect to documents such as those that Plaintiff seeks to introduce, the

legal standard for supplementing the administrative record in an ERISA case is in

dispute here because it turns on whether the Court will review the merits of Plaintiff's

ERISA appeal under the *de novo* standard, for which Plaintiff contends, or under the

arbitrary and capricious standard, for which Defendant contends.  If under the arbitrary

and capricious standard, the Tenth Circuit "prohibits courts from considering materials

outside the administrative record where the extra-record materials sought to be

introduced relate to a claimant's eligibility for benefits."  *Murphy v. Deloitte & Touche*

*Grp. Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010).  If under the *de novo* standard,

the Tenth Circuit grants a small amount of latitude on this question.  *See Jewell v. Life*

*Ins. Co. of N. Am.*, 508 F.3d 1303, 1308–09 (10th Cir. 2007).

Plaintiff asks the Court to determine the standard of review now, as part of the

Motion to Supplement.  (ECF No. 54 at 3–4.)  The Court declines to do so at this stage.

Instead, the Court will assume for argument's sake that the *de novo* standard of review

will apply to the merits of this case.

Even under *de novo* review,

> it is the unusual case in which the district court should allow
> supplementation of the record, and . . . only exceptional
> circumstances could warrant the admission of additional
> evidence. . . . ERISA policy strongly disfavors expanding the
> record beyond that which was available to the plan
> administrator.  Supplemental evidence should not be used to
> take a second bite at the apple, but only when necessary to
> enable the court to understand and evaluate the decision
> under review.
>
> A party seeking to introduce evidence from outside the
> administrative record bears a significant burden in
> establishing that he may do so.  In particular, (1) the
> evidence must be necessary to the district court's de novo
> review; (2) the party offering the extra-record evidence must
> demonstrate that it could not have been submitted to the
> plan administrator at the time the challenged decision was
> made; (3) the evidence must not be cumulative or repetitive;
> nor (4) may it be evidence that is simply better evidence
> than the claimant mustered for the claim review.  Even then,
> district courts are not required to admit additional evidence
> when these circumstances exist because a court may well
> conclude that the case can be properly resolved on the
> administrative record without the need to put the parties to
> additional delay and expense.

*Jewell*, 508 F.3d at 1309 (internal quotation marks, citations, and footnote removed;

certain alterations incorporated).

**C.     Analysis**

Plaintiff's Motion to Supplement shows no awareness of the foregoing legal standard, or even any awareness that there *is* an applicable legal standard.  Plaintiff's entire argument in this respect is as follows: "[W]ith *de novo* review, there should not be any barrier to the Court's review of ongoing evidence of disability."  (ECF No. 54 at 2–3.)

Defendant's response to the Motion to Supplement points to the correct legal standard.  (*See* ECF No. 58 at 11–12 (citing *Jewell*, *supra*, in the context of an "even if the Court finds that *de novo* review applies" argument).)  Plaintiff's reply, however, completely ignores Defendant's argument and continues to show no recognition of the legal standard.  (*See generally* ECF No. 59.)  On this basis alone, Plaintiff is not entitled to supplement the record.  Moreover, the medical records in question appear to be, at best, "evidence that is simply better evidence than the claimant mustered for the claim review," which the Court may not admit.  *Jewell*, 508 F.3d at 1309.  Plaintiff's Motion to Supplement will be denied.[1]

## III.  CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1.     Plaintiff's Rule 72(a) Objection (ECF No. 50) is OVERRULED; and

2.     Plaintiff's Motion to Supplement the Administrative Record Under ERISA (ECF No. 54) is DENIED.

---

[1] Plaintiff has already filed her opening brief on the merits.  (ECF No. 71.)  To the extent Plaintiff has advanced arguments to which Defendant believes it need not respond in light of this order, Defendant should explicitly note as much in its response brief.

Dated this 31st day of January, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge